# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ME2 PRODUCTIONS, INC.,

    Plaintiff,

v.                                          Civil Action 2:17-cv-342
                                              Judge James L. Graham
                                              Magistrate Judge Jolson

DOES 1-8,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's *Ex Parte* Application for Leave to Take Discovery Prior to the Rule 26(f) Conference. (Doc. 3). For the followings reasons, the Application for Leave will be **GRANTED**.

## I. BACKGROUND

This is a copyright infringement case involving the file transfer technology known as BitTorrent. (*See* Doc. 1). It is alleged that through BitTorrent, also known as peer-to-peer file sharing, the motion picture *Mechanic: Resurrection*, to which Plaintiff holds the exclusive copyright, "is being pirated and trafficked in the BitTorrent network and is being illegally downloaded and distributed countless times worldwide with many confirmed instances of infringing activity traced to Ohio." (*Id.* at ¶ 12). According to the Complaint, BitTorrent "has become one of the most common systems for users to illegally dispense huge amounts of data, including motion pictures, in digital format." (*Id.* at ¶ 23).

Defendants are identified in the Complaint as Does 1-8, because they are known only by their Internet Protocol ("IP") addresses, their Internet Service Provider ("ISP"), and the date and

time of the infringement. (*See* Doc. 1-2). Accordingly, Plaintiff seeks to conduct limited discovery of the relevant non-party ISPs to which Defendants subscribe, prior to the Rule 26(f) conference, to determine the identities of the Doe Defendants. (Doc. 3 at 3). In its Motion, Plaintiff alleges that "this information is readily available to the ISPs from documents they keep in the regular course of business." (*Id.*).

Plaintiff ultimately seeks an Order from this Court allowing it to serve Rule 45 subpoenas on the ISPs requesting the relevant identifying information. (*Id.*). If the ISPs cannot identify one or more of the Doe Defendants, but can identify an intermediary ISP as the entity providing online services and/or network access to any such Defendant, Plaintiff seeks to serve a subpoena on that ISP requesting similar identifying information for the relevant Doe Defendants. (*Id.*).

## II. DISCUSSION

Rule 26(d) of the Federal Rules of Civil Procedure provides generally that discovery may not begin prior to the Rule 26(f) conference. However, Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by a court order. *Malibu Media, LLC v. Doe*, No. 2:14-CV-463, 2014 WL 12586325, at *1 (S.D. Ohio May 22, 2014). Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference. *Id.* (citing *Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Before allowing this discovery, "[c]ourts within the Sixth Circuit require a showing of good cause." *Id.* (citing *Tesuco Holdings Ltd. v. Does 1-12*, No. 3:12-cv-600, 2012 WL 6607894 (E.D. Tenn. December 18, 2012).

Good cause can be found based upon "(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially

contribute to moving the case forward." *Id.* (quoting *Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2012 WL 5996222, *1 (S.D. Ohio Nov. 30, 2012); *Arista Records, LLC v. Does 1-9*, No. 2:07-cv-450, 2008 WL 2982265 (S.D. Ohio July 29, 2008)). "Courts also look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored." *Id. (*citing *Mobile Streams, Inc.*, 2012 WL 5996222, at *1).

Plaintiff argues that is has demonstrated good cause. Plaintiff asserts it had a valid copyright to the motion picture, and through the use of Maverickeye, a provider of online anti-piracy services for the motion picture industry, has been monitoring the copyright infringement activities. (Doc. 3 at 10). Additionally, Plaintiff states that "ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing data" and, without this data, "Plaintiff will have no ability to identify the Defendants and thus will be unable to pursue its lawsuit to protect its copyrighted work." (*Id.* at 12). Finally, it appears that the discovery requests are narrowly-tailored because Plaintiff is seeking identifying information only connected with the IP addresses at the exact date and time of the violation, listed in Exhibit 2 of the Complaint. (*See* Doc. 1-2).

Further, Plaintiff argues that courts throughout the country "routinely allow discovery to identify 'Doe' defendants" in situations like this one. (Doc. 3 at 3). In addressing a similar argument by Plaintiff in another BitTorrent case, a court noted "this is generally true" and "Courts within the Sixth Circuit have found good cause and granted motions for expedited discovery in such actions as well." *Malibu Media, LLC*, 2014 WL 12586325, at *2. The same Court also opined as follows:

> In granting expedited discovery in BitTorrent cases, courts have found several factors significant. One such factor is the specificity with which the defendants have been identified, including the assigned IP addresses, the date and time of the alleged illegal download, the hash identifier of the downloaded file, the ISP, and

> the location of the IP address. Also significant are the steps taken by the plaintiff to locate and identify the Doe defendants. Further, courts have looked to whether the elements of a copyright infringement claim have been pled. Courts also have considered whether the proposed discovery seeks information likely to lead to information which would allow a plaintiff to effectuate service on the defendants. Finally, courts have considered the likelihood of prejudice to any alleged infringers.

*Id.* at *2 (citing *Vision Films, Inc. v. Does 1-16*, No. 3:12-cv-644, 2013 WL 1385203, at *2. (E.D. Tenn. Apr. 3, 2013)).

As noted previously, Plaintiff has provided the IP addresses assigned to each Doe Defendant, the relevant ISP, as well as the date and time of the violations at issue. This, coupled with the fact that the proposed discovery would likely lead to information regarding the identity of the Defendants, weighs in favor of allowing discovery to move forward.

> Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities. Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendants' identities without court-ordered discovery. Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovery the identities of Defendants.

*Malibu Media, LLC*, 2014 WL 12586325, at *2 (citing *Malibu Media, LLC v. John Does 1-23*, 2012 WL 1144822, *2 (D. Colo. Apr. 4, 2012)). Finally, there is no indication that the Doe Defendants would be prejudiced by allowing the limited discovery sought. Consequently, the Court will allow Plaintiff to move forward with discovery.

## III. CONCLUSION

For the reasons stated above, Plaintiff's *Ex Parte* Application for Leave to Take Discovery Prior to the Rule 26(f) Conference (Doc. 3) is **GRANTED**. Plaintiff may serve limited, immediate discovery on the ISPs identified in Doc. 1-2, or from later-discovered intermediary ISPs, by serving a Rule 45 subpoena seeking documents including the name,

current and permanent addresses, telephone numbers, email addresses, and Media Access Control addresses for each Doe Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B). Any such information disclosed may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights under the Copyright Act.

    IT IS SO ORDERED.

Date: April 24, 2017                                              /s/ Kimberly A. Jolson
                                                                          KIMBERLY A. JOLSON
                                                                          UNITED STATES MAGISTRATE JUDGE